04-CV-01716-ORD

Honorable Thomas S Zilly

\_\_\_ FILED   \_\_\_ ENTERED
\_\_\_ LODGED  \_\_\_ RECEIVED

**DEC 0 6 2005**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEYBANK USA, NATIONAL ASSOC, <br><br> Plaintiff, <br><br> v. <br><br> INFINITE WAY, HULL IDENTIFICATION NUMBER CTYW0038E797, OFFICIAL NUMBER 1064186, <br><br> Defendants. | IN ADMIRALTY <br><br> NO. CV4-1716Z <br><br> ~~PROPOSED~~ ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN REM AND ORDER OF SALE |

THIS MATTER having come before the Court on Plaintiff's Motion for Summary Judgment In Rem and Order of Sale, and the Court having duly considered the pleadings, affidavits, and exhibits submitted by the parties, and being otherwise fully advised in the premises,

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's Motion for Summary Judgment In Rem and Order of Sale is GRANTED.

2.  Plaintiff, KeyBank, is awarded judgment in rem against the INFINITE WAY, Official No. 1064186, and all its engines, equipment, and other appurtenances, pursuant to that certain Preferred Ship Mortgage dated January 7, 1998 (Exhibit to KeyBank's verified Complaint herein) (hereinafter, the "Mortgage"), for all reasonable administrative expenses advanced to maintain and preserve the vessel in custodia legis prior to sale, plus reasonable attorneys' fees and other collection costs incurred or advances made to protect or enforce KeyBank's remedies herein, all in an amount to be determined by the Court upon subsequent application of KeyBank.

3.  KeyBank, is awarded judgment in rem foreclosing the Mortgage as a valid and existing preferred mortgage lien against the INFINITE WAY, Official No. 1064186, and all its appurtenances, superior to and having priority over all other liens, claims, and encumbrances whatsoever against the Vessel.

4.  The INFINITE WAY, Official No. 1064186, and all its appurtenances is hereby foreclosed and the United States Marshal of this District is hereby directed to sell the Vessel in accordance with law on a date and time mutually agreed by KeyBank and the U.S. Marshal, but not sooner than ten (10) days from the date of this Order. Notice of the sale shall be published in accordance with Local Admiralty Rule 145(a).

5.  Upon application to the U.S. Marshal or the substitute custodian, Buck Fowler, Jr., prospective bidders may board the INFINITE WAY for the purpose of inspection. Such inspection shall be at the sole expense and risk of such person or his representative, and each person wishing to board the vessel shall execute and deliver to the U.S. Marshal or the substitute custodian a Hold Harmless Agreement and Waiver in the form required by the U.S. Marshal or the substitute custodian.

6. The U.S. Marshal shall deposit all cash proceeds of the sale into the Registry of the Court, pending further Order of this Court. All liens upon the INFINITE WAY shall attach to the proceeds of the sale of the Vessel, with the same priorities such liens enjoyed against the Vessel.

7. This Order is made without prejudice to KeyBank's rights to seek further relief in rem in this action.

DATED this 5th day of Dec., 2005.

_____
Hon. Thomas S. Zilly

Presented by:

LAW OFFICES OF LAURIN S. SCHWEET

By: **Laurin S Schweet**
   Laurin S Schweet, WSBA 16431
Attorney for Plaintiff, KeyBank USA, NA